**In re Stephan Paul WALLACE, Petitioner.**

**Misc. No. 855.**

United States Court of Appeals, Federal Circuit.

June 15, 2007.

Stephan Paul Wallace (informal brief form enclosed), pro se.

Before NEWMAN, Circuit Judge.

---

### ORDER

Stephan Paul Wallace petitions for a writ of mandamus. We consider whether Wallace's petition should be construed as a notice of appeal. Wallace also moves for leave to proceed in forma pauperis.

Wallace filed a complaint in the United States Court of Federal Claims, alleging, among other things, that his bankruptcy proceeding amounted to an unlawful taking of his property. The Court of Federal Claims dismissed Wallace's complaint on the grounds that it lacked jurisdiction to review a determination of another federal court. This petition for writ of mandamus followed.

Although Wallace's petition is clearly intended as a request for relief in the form of a writ of mandamus, the court has broad discretion to consider whether such filing constitutes a notice of appeal. *See Smith v. Barry,* 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992) (holding that courts should look at the notice afforded by a document rather than a litigant's motivation in filing to determine whether a document constitutes a notice of appeal).

In order to appeal a judgment of the Court of Federal Claims, the party seeking appeal must file notice that sets forth (1) the name of each party to the proceeding, (2) the judgment, order, or part, thereof being appealed, and (3) the name of the court to which the appeal is taken. Rule 3(c) of the Rules of Appellate Procedure (FRAP); *see also* Rule 58.1 of the United States Court of Federal Claims (incorporating requirements of Rule 3(c) of FRAP). Wallace's petition clearly meets these requirements. In addition, Wallace's petition was timely if treated as a

notice of appeal. *See* Rule 4(a)(1)(B) of FRAP.

Because we conclude that the petition should be construed as a timely notice of appeal, mandamus relief is not appropriate. *See Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989) (holding that a party seeking a writ bears the burden of proving that it has no other means of attaining the relief, such as by appeal); *Bankers Life & Casualty Co. v. Holland,* 346 U.S. 379, 383, 74 S.Ct. 145, 98 L.Ed. 106 (1953) (stating "whatever may be done without the writ may not be done with it.").

Accordingly,

IT IS ORDERED THAT:

(1) The petition for a writ of mandamus is to be treated as a notice of appeal. The clerk is directed to docket the case as an appeal.

(2) Wallace's brief is due within 21 days from filing of this order (form enclosed).

(3) Wallace's motion for leave to proceed in forma pauperis is granted.